## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| Donnelle A. Weathers ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. **CAL07-33158** |
| v. ) | |
| ) | Jury Trial Demanded |
| 7-Eleven, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve: CSC Lawyers Incorporating ) | **FILED** |
| Service Company ) | |
| 7 Saint Paul Street, #1660 ) | |
| Baltimore, MD 21202 ) | DEC 7 2007 |

### COMPLAINT

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD.

Plaintiff, by counsel, complains of Defendant as follows:

### THE PARTIES

1. Plaintiff, Donnelle A. Weathers is a resident of Charlotte, North Carolina.

2. On information and belief, at the time of the events at issue in this matter, Defendant was the owner of a 7-Eleven located at 3004 Forestville Road, Forestville, Maryland.

### VENUE AND JURISDICTION

3. Venue and jurisdiction are proper because the alleged unlawful acts occurred in Prince George's County.

### FACTS

4. Plaintiff was formerly employed by Defendant as a store manager from in or about September 2000 to on or about June 17, 2001.

5. While Plaintiff was employed as store manager, there were frequent robberies at

the store.

6. Plaintiff asked Defendant to hire a security guard but Defendant refused.

7. Plaintiff quit working for Defendant because of the frequent robberies.

8. On or about September 4, 2001, Defendant caused Detective K. Hill of the Prince George's County Police Department to swear out an application for an arrest warrant charging Plaintiff with stealing $3, 315.17 of store funds.

9. Pursuant to said application, an arrest warrant was issued by the District Court of Maryland for Prince George's County.

10. Plaintiff was unaware that a warrant had been issued for his arrest.

11. Plaintiff did not steal anything from Defendant.

12. On or about December, 30, 2001, Plaintiff moved to North Carolina.

13. On or about December 19, 2006, Plaintiff was arrested in North Carolina. During the processing of that arrest, the outstanding Maryland warrant came up.

14. Plaintiff discovered facts giving rise to this claim following his incarceration on or about December 19, 2006.

15. Plaintiff was incarcerated in North Carolina solely because of the Maryland warrant from on or about December 19, 2006 until on or about February 13, 2007 when he was extradited to Maryland. Plaintiff was then incarcerated in Maryland until on or about February 19, 2007, when he was released on bond to appear in the District Court of Maryland for Prince George's County, for trial on the aforementioned charge.

16. Trial of Plaintiff on said charge commenced on May 2, 2007. Defendant failed to appear and the case against Plaintiff was dismissed.

17. Defendant acted in bad faith and/or with malice.

## COUNT 1

(Malicious Prosecution)

18. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-17 as if more fully set forth herein.

19. Defendant acted with malice and without probable cause in causing the warrant against Plaintiff to be issued. Malice was the primary purpose of Defendant in instituting the proceeding against Plaintiff.

20. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer severe mental anguish, loss of reputation, medical and other related expenses and loss of income.

## COUNT 2

(Defamation)

21. Plaintiff repeats and reallges the allegations set forth in paragraphs 1-20 as if more fully set forth herein.

22. In causing the warrant to be issued, Defendant knowingly made false and defamatory statements about Plaintiff.

23. In the alternative, Defendant negligently made false and defamatory statements about Plaintiff.

24. Defendant published these false and defamatory statements to the Prince George's County Police Department which understood this publication to be defamatory.

25. Defendant acted with knowledge of the falsity of the statements and with the intent to harm Plaintiff's reputation.

26. As a result of the false and defamatory statements published by Defendant, the

3

character and reputation of Plaintiff were harmed, and he has suffered and will continue to suffer severe mental anguish, medical and other related expenses and loss of income.

### Count 3

### (Negligence)

27. Plaintiff repeats and reallges the allegations set forth in paragraphs 1-26 as if more fully set forth herein.

28. Defendant failed to properly investigate its missing store funds prior to causing an application for an arrest warrant charging Plaintiff with stealing $3,315.17 of store funds.

29. Defendant failed to contact the Prince George's County Police Department after it determined that Plaintiff had not stolen any funds.

30. Defendant had a duty to properly investigate its missing store funds.

31. Defendant had a duty to contact the Prince George's County Police Department after it determined that Plaintiff had not stolen any funds.

32. Defendant breached these duties when it failed to properly investigate its missing store funds and when it failed to contact the Prince George's County Police Department after it determined that Plaintiff had not stolen any funds.

33. As a result of Defendant's negligence, Plaintiff has suffered and will continue to suffer severe mental anguish, loss of reputation, medical and other related expenses and loss of income.

### JURY DEMAND

Plaintiff demands a trial by jury on liability and damages.

WHEREFORE, Plaintiff demands judgment against Defendant on counts 1-3 in the amount of $1 million, or such other amount as is determined by a jury, for

compensatory damages for lost pay, pain and suffering, mental anguish, punitive damages, interest and costs.

Date: December 4, 2007

_____
Alan Lescht,
Susan L. Kruger
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Washington, D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff

FILED

DEC 7 2007

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD.

Rule 1-313 Certificate

I, Alan Lescht, certify that my associate Susan Kruger and I are admitted to practice law in the State of Maryland.

_____
Alan Lescht